

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/08/2015

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 14-34816 |
| FELECIA DENISE COLLINS | § | CHAPTER 13 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |

### MEMORANDUM OPINION
(Docket No. 26)

On January 12, 2015, the Court held a hearing to consider confirmation of the Debtor's First Amended Chapter 13 Plan filed November 7, 2014 [Docket No. 26] (the "Plan"). ClearSpring Loan Services, as mortgage servicer for Palm Avenue Hialeah, LLC ("ClearSpring"), objected to the plan on a number of different theories. The parties agreed that the threshold issue of "the date on which a debtor's principal residence determined for purposes of 11 U.S.C. § 1322(b)(2)" must be resolved before the case can proceed. After considering the evidence, arguments and briefing, the Court concludes that the Debtor's principal residence is determined as of the petition date. A separate order scheduling a continued confirmation hearing will be entered.

### Factual Background

The Debtor filed a voluntary chapter 13 case on August 29, 2014 [Docket No. 1]. On the petition date, the Debtor owned two parcels of real property known as 3911 Heatherbrook Drive, Houston, Texas (the "Heatherbrook Property") and 4714 Smooth Oak Lane, Houston, Texas (the "Smooth Oak Property") [Docket No. 1]. In her bankruptcy filings, the Debtor claimed the Heatherbrook Property as her primary residence and exempt homestead [Docket No. 1].

The Debtor and her husband purchased the Smooth Oak Property in 2007. At the time of the purchase, the Debtor acknowledged that the Smooth Oak Property was intended to be her homestead and primary residence. In 2010, however, while in the midst of marital discord, the Debtor moved out of the Smooth Oak Property. Although the exact date is not clear, the Debtor subsequently moved into the Heatherbrook Property.

The Debtor's husband died in November, 2013. In December, 2014, the Debtor sold the Heatherbrook Property and moved back into the Smooth Oak Property. The Debtor continues to lives in the Smooth Oak Property.

In her schedule A, the Debtor valued the Smooth Oak Property at $60,072 [Docket No. 1]. In Schedule D, the Debtor identified secured debts against the Smooth Oak Property totaling $102,579.49 [Docket No. 1]. These debts consist of unpaid *ad valorem* taxes ($3,732.34) and mortgage debt held by ClearSpring ($98,847.15) [Docket No. 1]. The Debtor lists ClearSpring's debt as partially secured ($56,339.66) and partially unsecured ($42,507.49) [Docket No. 1].

On January 9, 2015, ClearSpring filed a proof of claim asserting a claim in the amount of $107,810.00 secured by the Smooth Oak Property. ClearSpring lists no value for the Smooth Oak Property in its proof of claim.

In her first amended plan filed November 7, 2014, the Debtor proposes to pay ClearSpring the value of its secured interest in the Smooth Oak Property ($56,339.66) with interest at the annual rate of 3.63% [Docket No. 26]. General unsecured creditors are anticipated to receive less than 5% of the amount of their claims under the proposed plan.

On November 24, 2014, ClearSpring filed its objection to the Debtor's proposed plan [Docket No. 32]. ClearSpring asserts a number of objections, including the allegation that the plan violates 11 U.S.C. § 1322(b)(2). Specifically, ClearSpring asserts that because the Smooth Oak Property (i) is now the Debtor's primary residence or (ii) was the Debtor's primary residence at the time its security interest was created, its claim must be paid in full under 11 U.S.C. § 1322(b)(2).

On January 12, 2015, the Court commenced a hearing to consider confirmation of the Debtor's proposed plan [Docket No. 45]. The Debtor testified in support of the plan. The majority of the testimony focused on the timing and circumstances of her post-petition move from the Heatherbrook Property to the Smooth Oak Property. At the conclusion of the Debtor's testimony, the parties requested that the Court issue a ruling on the issue of "the applicable date for determining the Debtor's principal residence for purposes of 11 U.S.C. § 1322(b)(2)" prior to proceeding with confirmation. The Court requested briefing on the issue and abated the confirmation hearing pending a decision.

## Analysis

The Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 1334. The confirmation of a plan is a core proceeding under 28 U.S.C. 157(b)(2)(L). The Court has constitutional authority to enter a final order in this contested matter under the Supreme Court's holding in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

Section 1322(b)(2) provides that a "plan may … modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." 11 U.S.C. § 1322(b)(2). The Debtor asserts that the appropriate date for determining the debtor's principal residence is the petition date citing *In re Wetherbee*, 164 B.R. 212 (Bankr. D.N.H. 1994), *In re Churchill*, 150 B.R. 288 (Bankr. D. Me 1993), *In re Lebrun*, 185 B.R. 665 (Bankr. D. Mass. 1995) and *In re Howard*, 220 B.R. 716 (Bankr. S.D. Ga. 1998). The underlying tenets of these decisions are that (i) because § 1322(b)(2) references a "claim" and "claims" are determined as of the petition date, consistency requires that the determination of a debtor's principal residence must necessarily be made as of the petition date; and (ii) use of the petition date prevents gamesmanship and manipulation.

ClearSpring counters that the proper date for determining the Debtor's principal residence is either the date its lien was created (the "Contract Date") or the date of confirmation

of the Debtor's plan (the "Confirmation Date").  In its briefing, ClearSpring cites *In re Kelly*, 486 B.R. 882 (Bankr. E.D. Mi. 2013) for the proposition that a Court should not be bound by the mechanical application of a predetermined date but instead, should be flexible to choose a date that best achieves equity in a given set of circumstances.

In *Kelly*, the debtors owned two homes in the Detroit area on the petition date. Approximately two months after filing, the Debtors moved from their pre-petition homestead to their rental property.  The rental property had a value of approximately $10,000 with an outstanding mortgage owed to Bank of America ("BOA") in the amount of $38,000.  In their plan, the debtors sought to abandon their homestead and pay BOA the sum of $10,000 as a secured claim.  BOA objected and asserted that because the debtors intended to use the rental property as their principal residence on an ongoing basis, their loan could not be modified under 11 U.S.C. § 1322(b).

The *Kelly* Court agreed and identified six factors to be considered in choosing the date on which the determination of a debtor's principal residence is made. These factors included "(1) where did the debtor reside on the date of filing of bankruptcy? (2) did the debtor move out of their principal residence either shortly before or after the filing of the bankruptcy? (3) did the debtor move into a property debtor had previously used as a rental property? (4) where does the debtor intend to reside for the duration of the bankruptcy? and (5) does the debtor retain title to the property even though debtor is not residing in the property at the time of filing for bankruptcy? (6) did the debtor start renting his/her principle residence to tenants around the time debtor filed for bankruptcy?" *Kelly*, 486 B.R.  at 886.

While the Court applauds the practicality of the *Kelly* balancing approach, the Court does not find the discretion within the statute that is required to engage in such an approach.  When interpreting a statute, the Court is bound to begin its analysis with the express language of the statutory provisions themselves.  *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240 (1989).  Words should be given their plain meaning.  *Id*.  The title of section 1322 is "Contents of plan." 11 U.S.C. § 1322.   Section 1322 goes on to provide, in part, that the plan (i) shall provide for full payment for priority unsecured claims (unless otherwise agreed to); (ii) must provide equal treatment for all claims in a particular class; (iii) may modify the rights of holders of secured creditors (except creditors secured solely by the debtor's principal residence); and (iv) may provide for the curing or waiving of any default.  11 U.S.C. § 1322(b).

It is axiomatic that a confirmation hearing cannot occur until sometime after the date that a plan is filed.  Under § 1322, a plan is the vehicle by which a debtor addresses the claims held by creditors.  Claims are determined as of the petition date.  11 U.S.C. § 502(b).  The Court finds that the plain meaning of the words "in real property that is the debtor's principal residence" in § 1322(b)(2) dictates that the determination of the Debtor's principal residence must be made on the petition date.  Moreover, if the Court had the discretion to apply the *Kelly* test, it would reach the same decision as the Debtor's decision regarding her residence was driven by factors beyond her control and was not the result of any manipulation of the bankruptcy process.

With respect to ClearSpring's argument that the applicable date is the Contract Date, the Court rejects the argument that the stability of the home mortgage industry hinges upon the

Contract Date and that "the critical moment is when the creditor takes a security interest in the collateral" and "[i]t is at that point in time that the underwriting decision is made and it is therefore at that point in time that the lender must know whether the loan it is making may be subject to modification in a Chapter 13 proceeding at some later date." *Scarborough v. Chase Manhatten Mortg. Corp.*, 461 F.3d 406, 412 (3d Cir. 2006). Such a static approach ignores the realities of modern life. In today's transitional society, the notion of the couple with two children and one dog living in their home with the white picket fence for 30 years is but a long-lost dream of the 1950's.

Accordingly, the Court finds that the date on which a debtor's principal residence determined for purposes of 11 U.S.C. § 1322(b)(2) is the petition date. An order consistent with this opinion and scheduling a continued confirmation hearing will issue.

**SIGNED: April 7, 2015.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**